FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2009 SEP 14 PM 1: 11

DISTRICT COURT
DISTRICT OF FL

JAMES L. WALKER

    **Plaintiff,**

v.

WALT DISNEY WORLD
SWAN AND DOLPHIN,
TISHMAN HOTEL CORP.,
STARWOOD HOTELS & RESORTS,
WALT DISNEY WORLD PARKS AND
RESORTS U.S., INC.

    **Defendants,**

**CIVIL ACTION NO.:**
6:09-cv-1571-Orl-35KRS

**COMPLAINT**
**JURY TRIAL DEMAND**

**(Retaliation and Discrimination**
**under Title VII)**

---

## COMPLAINT

**COMES NOW** the Plaintiff, James L. Walker, by and through his undersigned counsel, and for his Complaint in the above-captioned action states to this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.    James L. Walker, (Walker) former server/attendant, brings this action against Defendants for (a) discriminating against him with unfair treatment based on his race, (b) retaliating against him after his complaints of race based discrimination in the workplace, coupled with continued negative statements to Walker's subsequent employer, after his wrongful termination by Defendants. Walker brings this case against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (Title VII) and the implementing regulations promulgated under Title VII. Despite the fact that Walker was promoted by

Defendants, and the recipient of substantial customer praise, Defendants have subjected Walker to a series of discriminatory and retaliatory acts, in violation of his protected right to work regardless of race, color, or origin. Walker was terminated without just cause and for events directly related to those giving rise to this claim.

## PARTIES

2.    Plaintiff James L. Walker is an adult African American male citizen of the State of Florida. At all times relevant hereto, Plaintiff was an employee of the Defendant organizations.

3.    Defendants: Walt Disney World Swan and Dolphin, Tishman Hotel Corp., Starwood Hotels & Resorts, and Walt Disney World Parks and Resorts were and are corporation conducting business in and availing themselves to the rights, protections, and privileges of the State of Florida with designated registered agents within the State.

## JURISDICTION

4.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5.    Venue is proper pursuant to 28 U.S.C. §1391, as all of the acts complained herein occurred in Orange County, Florida.

## FACTUAL BASIS

6.    Plaintiff, Walker, began his employment with Defendants as an on call server on April 27, 2002.

7.    Walker was promoted a year and a half later to a full time position as server/attendant, he was employed in that capacity until his wrongful termination on July 23, 2007.

8.    During his tenure Walker was the recipient of department wide discriminatory practices specifically unfair scheduling, disparate treatment in the placement of employees and assignment of serving sections. Walker made several attempts to bring the discrimination to the attention of Defendants. When Walker would bring his concerns to the attention of his superiors he was plainly told "Walker return to work."

9.    It became an unspoken practice for management to hire and give favorable treatment, placement, assignment, and schedules to attractive white female employees with little or no experience. This practice became so noticeable and obvious that widespread rumors of racism began circulating around the department.

10.    Eric Berger, General Manager, created an Employee Committee Council, in which an employee is voted in by his/her co-workers and peers (Star Voice Grievance Committee). Walker was chosen to be the representative for his fellow employees. While working in this capacity one of Walker's duties were to take employee complaints directly to management. Walker estimates ninety-five percent of the complaints that were directed towards management involved the failure to hire minorities and disparate treatment received by whites.

11.    In his capacity on the Employee Committee Council each month Walker met with Kidane Futwi, Director of Banquets, and explained the issues of

the employees. Mr. Futwi's response to the claims of discrimination was: "I am also black, so how is it possible for me to be racist."

12. On October 15, 2006, Walker acting as the chairman of the Star Voice Grievance Committee presented a discriminatory complaint on behalf of himself and other banquet servers pertaining to hiring practices. Mr. Futwi responded by saying "I hire whoever the hell I want to." He additionally stated that he would not sleep until Walker was fired.

13. After the complaint Walker was retaliated against by Futwi and Tony Porcellini (an Italian American, Mr. Futwi's Superior). Mr. Porcellini called Walker a "Ghetto Nigger" to his face.

14. Walker was constantly harassed by having his work closely monitored, work that he completed with upmost satisfaction and excellence from the guests of Defendant.

15. Unlike non- African American employees, Walker was not given recognition or awards for customer letters of appreciation and praise.

16. Walker has been called such names as "ghetto nigger, trouble maker and a union organizer" from Defendants' top management.

17. On July 23, 2007, a former employee of Defendants, Lavardo Fisher informed several banquet servers of his resignation. He had several copies of a letter he had written explaining why he was resigning and requested that Walker hand them out to management and co-workers. Walker subsequently agreed and was terminated less than an hour after handing out

such letters. Adriana Zomat, Human Resources Director, used the pretext that Walker distributed a sealed letter from a co-worker to management.

18.    Walker is now employed with another company working under Dan Scallon who was the Defendants former Banquet Director.  Mr. Futwi who is still employed with Defendants has made attempts to tarnish Walker's working relationship at his new place of employment by calling Mr. Scallon and telling him that it was a mistake to hire Walker, and that Scallon should terminate Walker. Futwi's comments were repeated to Walker on numerous occasions by Scallon. Scallon confirmed this with Walker on July 10, 2008.  Appended here as "Exhibit A" is Scallon's Declaration, refuting these described statements.  Scallon himself did not write the declaration but merely signed it.  Witnesses for Walker can confirm that Scallon actually made some of those comments in their presence.

19.    Scallon later told Walker that the Declaration was not true and he was pressured into making it.

## COUNT I

## Discrimination under Title VII of the Civil Rights Act 1964, 42 U.S.C. § 2000

### *et seq.,*

20.    Plaintiff Walker incorporates by reference and re-alleges each of the allegations contain in paragraphs 1-19 of this complaint with the same force and vigor as it set out here in full.

21.    James Walker timely filed a charge of discrimination with the EEOC, EEOC Charge No. 15D200800002, in which he alleged that he had been subjected to racial discrimination and retaliation during his employment with

Defendants. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated Mr. Walker's charge and found reason to believe that violations of Title VII of the Civil Rights Act of 1964 had occurred.

22.    Defendants discriminated against Walker based on his race, in violation of Title VII of the Civil Rights Act of 1964, among other ways, by:

(a) Hiring white employees with little or no experience and giving them more favorable shifts and serving areas than Walker.

(b) Dismissing his complaints of discrimination without any investigation and/or remedial action taken.

(c) Racial slurs and derogatory comments about Walker including: "Ghetto Nigger, Trouble Maker, and Union Organizer."

(d) Receiving no praise for his exemplary work recognized by customers while white employees received praise and/or gifts for similar accolades.

(e) Mr. Futwi threatening Walker that he would not sleep until Walker was terminated.

## COUNT II

**Retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*,**

23.    Plaintiff Walker incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-19 of this complaint with the same force and vigor as it set out here in full.

24.    James Walker timely filed a charge of discrimination with the EEOC, EEOC Charge No. 15D200800981, in which he alleged that he had been subjected to racial discrimination and retaliation during his employment with Defendants. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated Mr. Walker's charge and found reason to believe that violations of Title VII of the Civil Rights Act of 1964 had occurred.

25.    Defendants retaliated against Walker, in violation of Title VII of the Civil Rights Act of 1964, among other ways, by:

(a) Constructively discharging him because he assisted Mr. Fisher in his complaints of racial harassment and retaliation by delivering his resignation letter.

(b) Negatively speaking about him to Dan Scallon his new supervisor.

(c) Making threats of firing him for bringing a discrimination claim on behalf of himself and other employees in his capacity on the Employee Committee Council.

### PRAYER FOR RELIEF

WHEREFORE, the premises considered. Plaintiff respectfully prays that this Honorable Court:

1.    Enter judgment on behalf of Plaintiff James L. Walker against Defendants Walt Disney World Swan and Dolphin, Tishman Hotel Corp., Starwood Hotels & Resorts Worldwide, Inc., Walt Disney World Parks and Resorts U.S., Inc.

2.    Award Plaintiff Walker compensatory damages

3.    Award Plaintiff Walker his court costs and expenses, including attorneys' fees.

4.    Award Plaintiff Walker prejudgment interest, and post judgment interest

5.    Declare the Defendants' conduct is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and its implementing regulations; and

6.    Grant all such relief other relief as the Court deems just and proper.

Respectfully Submitted,

Andre T. Young, Esq.
FL Bar 58030
Young, Simmons, & Burt, LLC
11 North Summerlin Ave,
Suite 210
Orlando, FL 32801
(407) 422-4000
(407) 581-7050 Facsimile